UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 25-21439-CIV-MARTINEZ

VICTOR SMIRNOV,

    Petitioner,

vs.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Respondents.
_____/

## ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT

**THIS CAUSE** came before this Court on Respondent's Motion to Dismiss for Mootness Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 11) (the "Motion"). Upon consideration of the Motion, the Petition, (ECF No. 1), and the record, this Court finds that the Petition has been rendered moot by Petitioner's release and is therefore due to be dismissed.

### I. BACKGROUND

In March 2025, Petitioner Victor Smirnov filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), alleging that his detention in Immigration and Customs Enforcement ("ICE") custody for over ten months without a bond hearing violated the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. (ECF No. 1.) After reviewing the Petition, this Court ordered Respondent to file a response. (ECF No. 5.) On April 21, 2025, Respondent filed its Response, arguing, among other things, that Petitioner did not have a statutory or constitutional right to release from detention or a bond hearing while seeking asylum. (*Id.* at 9–13.) Subsequently, on May 22, 2025, Respondent filed the instant Motion, stating that on May 19, 2025, Petitioner was released from custody after the grant of his application for

asylum was affirmed on appeal. (ECF No. 11 at 2); *see also* Resp't Ex. A, Detention History, (ECF No. 11-1.)[1] Therefore, Respondent argues that the Petition should be dismissed as moot.

## II. DISCUSSION

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States …" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release from detention or a bond hearing, his case becomes moot, and the court loses jurisdiction, once he is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022)

Here, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered his Petition moot. The only relief that Petitioner

---

[1] This Court also takes judicial notice, under Fed. R. Evid. 201, that Petitioner is no longer in ICE custody. This fact is readily available by using ICE's online detainee locator system and searching for Petitioner's A-Number: 244474224. *See* Immigr. and Customs Enf't, Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited May 27, 2025).

sought was release from ICE custody or a bond hearing. (*See* ECF No. 1 at 14.) Because he has now been released, the Court cannot grant such relief, and a case or controversy no longer exists. *See Djadju*, 32 F.4th at 1107 ("Djadju has asked the federal courts for only one form of relief: to be immediately released from custody as a result of his 'ongoing prolonged detention.' Since Djadju already has been released from custody, his prayer for relief has been satisfied."). Furthermore, no exception to the mootness doctrine exists because there is no indication that Petitioner will be returned to ICE custody in the future. *See id.* at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit"); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional.").

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Respondent's Motion to Dismiss, (ECF No. 11), is **GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), is **DISMISSED AS MOOT**.

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29 day of May, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Victor Smirnov, *pro se*